# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

        Plaintiff,

v.                                                                                              No. 18cv166 WJ/LF

SANDIA CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed February 20, 2018 ("Complaint"), and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 20, 201 ("Application"),. For the reasons stated below, the Court will **DISMISS** this case for lack of subject-matter jurisdiction and **DENY** Plaintiff's Application as moot.

Plaintiff states the basis for jurisdiction for his claims pursuant to 42 U.S.C. § 1983 is "classified," the basis for his claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is "speech/[illegible]," and his explanation of how Defendant was acting under color of state or federal law is "manslaughter." Complaint at 4. His statement for relief reads "settle out of court." Complaint at 5. There are no other factual allegations in the Complaint.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as

required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). While Plaintiff wrote "classified," "speech" and "manslaughter" as the bases for jurisdiction, he has not alleged any plausible, non-conclusory factual allegations from which this Court could determine that it has jurisdiction over this matter. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Because the Court lacks jurisdiction over this case and is dismissing this case, the Court will deny Plaintiff's Application to proceed *in forma pauperis* as moot.

Plaintiff requested that the Clerk "Please seal all documents under national securi[t]y concerns. All information enclosed pertains and pertains only to issues of national security. Please seal." Application at 6. The Clerk sealed the case. Courts have discretion to allow the

sealing of documents if the public's right of access is outweighed by other interests. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs,* 754 F.3d 824, 826 (10th Cir.2014) (per curiam). "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* (internal quotation marks omitted). While Plaintiff makes the conclusory allegations that this case should be sealed due to national security concerns, he has not set forth any factual allegations to support his contention that the case should be sealed.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 20, 2018, is **DENIED as moot;**

(ii) this case is **DISMISSED without prejudice;** and

(iii) the Clerk **UNSEAL** this case.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**